UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

......................................................x

FONDO DE PROTECCION SOCIAL
DE LOS DEPOSITOS BANCARIOS
f/k/a FONDO DE GARANTIA DE
DEPOSITOS Y PROTECCION BANCARIA
as liquidator/receiver for INVERUNION
BANCO COMERCIAL, C.A., a Venezuelan
corporation,

        Plaintiff,

v.

THE BANK OF NEW YORK
MELLON CORPORATION., a Delaware
corporation, BNY PRIVATE INVESTMENT
MANAGEMENT, INC., a Delaware corporation,
BNY CAPITAL CORPORATION, a New York
corporation, BNY CAPITAL MARKETS HOLDINGS,
INC., a New York corporation, BNY MELLON
CAPITAL MARKETS, LLC, a Delaware limited
liability company, DEUTSCHE BANK AMERICAS
HOLDING CORP., a Delaware corporation,
DEUTSCHE BANK SECURITIES, INC., a Delaware
corporation, THE DEPOSITORY TRUST & CLEARING
CORPORATION., a New York corporation, and
DEPOSITORY TRUST COMPANY, a New York
corporation,

        Defendants.

......................................................x

Case No.: 12 CV 6676
Judge Carter

**COMPLAINT**

        Plaintiff, Fondo de Protección Social de los Depósitos Bancarios f/k/a Fondo de Garantía de Depósitos y Protección Bancaria ("Fondo"), as liquidator/receiver for InverUnion Banco Comercial, C.A. ("InverUnion"), as its complaint against defendants The Bank of New York Mellon Corporation ("BNY Mellon"), BNY Private Investment Management, Inc. ("BNY Management"), BNY Capital Corporation ("BNY Capital"), BNY Capital Markets Holdings,

Inc. ("BNY Holdings"), BNY Mellon Capital Markets, LLC ("BNY Markets" and, with the other BNY entities, "BNY Defendants"), Deutsche Bank Americas Holding Corp. ("Deutsche Holdings"), Deutsche Bank Securities, Inc. ("Deutsche Securities") (collectively, "Deutsche Defendants"), The Depository Trust & Clearing Corporation ("DTCC"), and Depository Trust Company ("DTC") (and, with DTCC, "Depository Defendants") (all, collectively, "Defendants"), and states:

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action because the controversy exceeds the $75,000.00 jurisdictional threshold and involves a foreign state and citizens of different states. 28 U.S.C. § 1332.

2. Venue is proper within this district because the events giving rise to this lawsuit occurred within the Southern District of New York.

## THE PARTIES AND PERSONAL JURISDICTION

3. Plaintiff Fondo is an instrumentality of the Bolivarian Republic of Venezuela with its principal place of business at Edificio Fogade, Esquina San Jacinto Parroquia Catedral Planta Alta in Caracas, Venezuela. It is the Venezuelan equivalent of the Federal Deposit Insurance Corporation in the United States. It became liquidator/receiver of InverUnion, originally organized and existing under the laws of the Bolivarian Republic of Venezuela, pursuant to a January 18, 2010 resolution (the "Resolution") of the Venezuelan Superintendent of Banks and Other Financial Institutions (the "Superintendent of Banks") based upon liquidity and solvency problems, and to protect InverUnion's depositors and creditors. Fondo was known as the *Fondo de Garantia de Depositos y Proteccion Bancaria* until March 2, 2011, when it was reconstituted as *Fondo de Proteccion Social de los Depositos Bancarios*. Exhibit "A."

2

4. Defendant BNY Mellon is a corporation organized and existing under the laws of the State of Delaware, authorized to conduct business in the State of New York, with its principal place of business at One Wall Street New York, New York 10286.

5. Defendant BNY Management is a corporation organized and existing under the laws of the State of Delaware, authorized to conduct business in the State of New York, with its principal place of business at One Wall Street 32nd Floor New York, New York 10286.

6. Defendant BNY Capital is a corporation organized and existing under the laws of the State of New York with its principal place of business at One Wall Street 32nd Floor New York, New York 10286.

7. Defendant BNY Holdings is a corporation organized and existing under the laws of the State of New York with its principal place of business at One Wall Street, New York, New York 10286.

8. Defendant BNY Markets is a limited liability company organized and existing under the laws of the State of Delaware, authorized to conduct business in the State of New York, with its principal place of business at One Wall Street, New York, New York 10286. Its sole member is Defendant BNY Mellon, which is a Delaware corporation with its principal place of business in the State of New York.

9. Defendant Deutsche Holdings is a corporation organized and existing under the laws of the State of Delaware, authorized to conduct business in the State of New York, with its principal place of business at 60 Wall Street New York, New York 10005.

10. Defendant Deutsche Securities is a corporation organized and existing under the laws of the State of Delaware, authorized to conduct business in the State of New York, with its principal place of business at 60 Wall Street New York, New York 10005.

11. Defendant DTCC is a corporation organized and existing under the laws of the State of New York with its principal place of business at 55 Water Street 22nd Floor New York, New York 10041.

12. Defendant DTC is an entity organized and existing under the laws of the State of New York and a subsidiary of DTCC, with its principal place of business at 55 Water Street 49th Floor New York, New York 10041.

13. Personal jurisdiction over Defendants is proper because all Defendants have principal places of business and operate in this District and engage in substantial, continuing activities within the State of New York and the District. To the extent Defendants may not be deemed to be residents of the State of New York, personal jurisdiction is proper pursuant to CPLR. § 302(a)(1) because Defendants transact business within the State of New York, and the transactions which are the subject of this action took place in this State.

## GENERAL ALLEGATIONS

14. On or about June 2, 2009, InverUnion purchased the following four series of global bonds ("Bonds"):

    a. ISIN USP97475AE0    Maturity Date: 2011    Value: $150,000,000

    b. ISIN: US922646BJ29    Maturity Date: 2013    Value: $195,000,000

    c. ISIN US922646BM57    Maturity Date: 2014    Value: $105,000,000

    d. ISIN: US922646AT10    Maturity Date: 2018    Value: $90,000,000

15. The Bonds related to the following notes, respectively ("Notes"):

    a. ISIN: XS0436736960    Floating Rate Unsecured Notes due 2011

    b. ISIN: XS0436732209    10.75% Unsecured Notes due 2013

    c. ISIN: XS0436721939    8.50% Unsecured Notes due 2014

      d. ISIN: XS0436704414      13.625% Unsecured Notes due 2018

16. InverUnion originally deposited the Bonds with RBC Dexia Investor Services, Ltd. ("RBC Dexia").

17. Pursuant to Resolution 032-10, published in the Official Gazette of the Bolivarian Republic of Venezuela (*Gaceta Oficial de la Republica Bolivariana de Venezuela*) on January 18, 2010 the Superintendent of Banks effected a government intervention of InverUnion, effectively placing it in receivership, due to its failure to maintain required reserves to meet its financial obligations and to protect the interests of the depositors in, and creditors of, InverUnion. (Exhibit "B"). Pursuant to Resolution 155-10, published in the Official Gazette on April 6, 2010, Fondo became InverUnion's receiver/liquidator. (Exhibit "C").

18. On or about January 19, 2010, pursuant to InverUnion's instructions, RBC Dexia transferred the Bonds to one or more of the BNY Defendants.

19. On February 15, 2010, the BNY Defendants stated that the following two bonds were "administered out of our New York office":

      a. ISIN US922646BM57    Maturity Date: 2014   Value: $105,000,000

      b. ISIN: US922646AT10    Maturity Date: 2018   Value: $90,000,000

(Exhibit "D").

20. On March 3, 2011, Lucia Jaklitsch ("Ms. Jaklitsch"), Vice President for the BNY Defendants, admitted that "The Bank of New York Mellon acts as Fiscal Agent for the below noted two (2) Republic of Venezuela issues:

      1) 922646BM7 [sic]      8 ½% DUE 10/08/2014

      2) 922646AT10        13 5/8% due 08/15/2018

... The bonds are in global form and held in DTC (US Clearing System)." (Exhibit "E").

5

21. Ms. Jaklitsch also stated that for "P97475AE0 [2011 bonds] [InverUnion] would have to contact the Agent who is Deutsche Bank as The Bank of New York Mellon does not act as Agent for those bonds." *Id.*

22. Thus, according to the BNY Defendants, the Depository Defendants are holding the above described 2014 and 2018 bonds, and are the Fiscal Agents for those bonds.

23. Deutsche Bank also is the Fiscal Agent for the 2011 bonds.

24. Fondo has not been able to confirm the location of the 2013 bonds, but believes that they, too, were deposited with or transferred to one of the Defendants.

25. Defendants have failed and refused to cooperate with Fondo in determining the location of, and obtaining possession of, the Bonds or their proceeds.

26. Fondo brings this claim for a declaratory judgment pursuant to FED. R. CIV. P. 57 and 28 U.S.C. §§ 2201, 2202.

27. Defendants, as Fiscal Agents, depository institutions or otherwise, have exercised possession, custody and control of the Bonds and owe duties and obligations to Fondo as the party legally entitled to the Bonds, any proceeds therefrom, and all information with respect thereto.

28. Defendants have failed and refused to recognize Fondo's rights with respect to the Bonds and have failed and refused to cooperate with Fondo's requests for information respect thereto.

29. Fondo must obtain the Bonds, and all proceeds therefrom, so that they may be liquidated and payment made to InverUnion's depositors and creditors.

30. Fondo lacks an adequate remedy, but must seek a declaration from this Court that Fondo possesses the right to possession of the Bonds, all proceeds therefrom, and all information

about the account or accounts in which such bonds reposed, through which they were transferred, and in which they presently reside.

31. Fondo has retained the undersigned attorneys and agreed to pay them their fees and disbursements as billed. But for the baseless refusal of Defendants to comply with the request of Fondo as the duly authorized party to enforce the rights and remedies previously belonging to InverUnion, this action, and Fondo's expenditures for attorneys' fees and related expenses would not have been necessary to burden this Court with this matter. Pursuant to 22 USC § 2202 and other applicable laws, rules and regulations, Fondo is entitled to recover from Defendants the attorneys' fees and other related expenses which it was forced to incur.

WHEREFORE, Plaintiff, Fondo de Protección Social de los Depósitos Bancarios f/k/a Fondo de Garantía de Depósitos y Protección Bancaria, as liquidator/receiver for InverUnion Banco Comercial, C.A., requests a judgment against all Defendants: declaring that, as the duly appointed receiver/liquidator of InverUnion, Fondo (1) has succeeded to all rights, benefits and privileges of InverUnion with respect to the Bonds, (2) has the right to obtain possession of, or direct the transfer of, the Bonds, (3) has the right to all information about the account or accounts in which such bonds reposed and/or through which they were transferred or where they presently exist, as well as all proceeds therefrom, and (4) has the right to all information with respect to any transferee and present holders of the Bonds or their proceeds.

DATE: August 31, 2012

DIAZ, REUS & TARG, LLP
*Attorneys for Plaintiff*
100 Southeast Second Street
2600 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220

_____
Alexander Reus (N.Y. Bar No. 2461721)
areus@drrt.com
Michael Diaz, Jr. (pending admission *pro hac vice*)
mdiaz@diazreus.com
Carlos F. Gonzalez (pending admission *pro hac vice*)
cgonzalez@diazreus.com
Chad S. Purdie (pending admission *pro hac vice*)
cpurdie@diazreus.com

MARCUS ROSENBERG & DIAMOND, LLP
*Local Counsel for Plaintiff*
488 Madison Avenue
New York, New York 10022
Telephone: (212) 755-7500

David Rosenberg
dr@realtylaw.org
Rachelle Rosenberg
rr@realtylaw.org

8